UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN A. LYNN, SR.,

      Plaintiff,

  v.                                Civil Action 2:20-cv-5917
                                    Chief Judge Algenon L. Marbley
                                    Magistrate Judge Chelsey M. Vascura

ZANESVILLE POLICE DEPARTMENT,
*et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, John A. Lynn, Sr., who is proceeding without the assistance of counsel, brings this action against the Zanesville Police Department and its employee Sergeant Lambos, seeking compensatory damages.  This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**.  (ECF No. 1.)  Accordingly, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's current claims for failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, it is further **RECOMMENDED** that Plaintiff be permitted to amend his Complaint to name as John Doe Defendants the individual officers who allegedly assaulted him, and that discovery as to those Doe Defendants' identities be expedited.

## I.

Plaintiff alleges that on July 19, 2019, he was arrested for trespassing by the Zanesville City Police and taken to a police station. He alleges that several officers were verbally abusive and threatened him with "problems" should Plaintiff not cooperate. Plaintiff then alleges that "the next thing [he] remember[s] is waking up in a cell with [seven] staples in my head." (Compl. 5, ECF No. 1-1.) None of the officers would tell him how he was injured, and the officers allegedly told Plaintiff's sister when she called the station that Plaintiff fell. Sergeant Lambos allegedly "made jokes, saying I tripped over a horse[,] also saying I fell over toys at home." (*Id.* at 6.) Sergeant Lambos also told Plaintiff's sister to ask the records department to view video of the incident, but when she arrived at the records department, she was threatened with arrest. Plaintiff alleges his injuries were the result of being "beaten in jail." (*Id.*) Plaintiff states he "want[s] the Court to take action against the Jail and everyone involved. I want to be compensated for my injury and continued problems from this assault." (*Id.* at 7.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

---

[1] Formerly 28 U.S.C. § 1915(d).

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III.

The undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted such that dismissal under § 1915(e)(2) is proper. The undersigned construes Plaintiff's Complaint to seek relief from the City of Zanesville[1] and Sergeant Lambos for excessive force in

---

[1] Plaintiff names the Zanesville Police Department as a Defendant, but the Police Department "is not a juridical entity subject to suit under Ohio law." *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006). "But, since *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings, the Court considers the merits of [Plaintiff's] Complaint as if the City of [Zanesville] had been named as a Defendant, rather than the City of [Zanesville] Police Department." *Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002).

4

violation of his constitutional rights under 42 U.S.C. § 1983.  To the extent Plaintiff intends to sue Sergeant Lambos in his official capacity, those claims are the equivalent of claims against the City of Zanesville.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.").  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."  *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Here, Plaintiff has failed to allege any facts on which the Court could rely to conclude that an official policy or custom of the City of Zanesville resulted in the violation of his constitutional rights.  It therefore is **RECOMMENDED** that Plaintiff's claims against the City of Zanesville, the Zanesville Police Department, and Plaintiff's official-capacity claims against Sergeant Lambos, be **DISMISSED** pursuant to § 1915(e)(2).

To the extent Plaintiff intends to advance claims against Sergeant Lambos in his individual capacity, these claims also fail.  To plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt*, 542 F.3d at 534.  To

5

sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id*. (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Sergeant Lambos was personally involved in any violation of Plaintiff's rights or that he in any way authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's individual-capacity claim against Sergeant Lambos pursuant to § 1915(e)(2).

Although Plaintiff fails to state a claim against either the Zanesville Police Department or Sergeant Lambos, the only two named Defendants in Plaintiff's Complaint, Plaintiff may be able to maintain claims against the officers who allegedly assaulted him in their individual capacities. It is therefore **RECOMMENDED** that Plaintiff be permitted to amend his Complaint to name those officers as John Doe Defendants, and it is further **RECOMMENDED** that Plaintiff be permitted to commence expedited discovery under Federal Rule of Civil Procedure 26(d)(1) to learn the identities of those officers.

### IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against the Zanesville Police Department and Sergeant Lambos be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further **RECOMMENDED** that Plaintiff be permitted to amend his Complaint to name those officers as John Doe Defendants **WITHIN FOURTEEN DAYS** of the

6

date of the District Judge's Order adopting, modifying, or rejecting this Report and Recommendation, and it is further **RECOMMENDED** that Plaintiff be permitted to commence expedited discovery under Federal Rule of Civil Procedure 26(d)(1) to learn the identities of those officers.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE