# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOHN A. LYNN, SR.,** : | |
| : | Case No. 2:20-CV-5917 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| **ZANESVILLE POLICE** : | |
| **DEPARTMENT,** *et al.,* : | |
| : | |
| **Defendants.** : | |

## **OPINION & ORDER**

This matter comes before the Court on Magistrate Judge Vascura's November 25, 2020, Report and Recommendation that this case be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 3). The Plaintiff, John A. Lynn, Sr., requested to proceed *in forma pauperis*, which Magistrate Judge Vascura granted. (*Id.*). 28 U.S.C. § 1915(e)(2) permits the Magistrate Judge to dismiss any portion of the Complaint that fails to state a claim upon which relief may be granted or seeks monetary relief from an improper defendant. Mr. Lynn has filed his complaint against the Zanesville Police Department and Sergeant Lambos. The Magistrate Judge's subsequent Report and Recommendation suggested Plaintiff's claim be dismissed, to which he did not file any objection. For the following reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The matter is hereby **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is permitted to amend his Complaint to name as John Doe Defendants the individual officers who allegedly assaulted him.

## I. BACKGROUND

On November 9, 2020, Plaintiff filed a complaint against the Zanesville Police Department ("ZPD") and Sergeant Lambos for injuries he allegedly sustained while incarcerated on or around

1

July 19, 2019. (ECF No. 1-1). Plaintiff alleges he was arrested around 3:45 p.m. by ZPD at his home for trespassing in a habitation and taken to the police station. (*Id* at 5). He further alleges that that ZPD officers yelled at and verbally abused him, threatening him with "problems" if he did not cooperate. (*Id.*). Mr. Lynn alleges that he woke up in a cell with seven staples in his head with no idea of how he was injured. (*Id.*). When he asked officers how he had sustained the injury, multiple correctional officers approached him, yelling at the Plaintiff and threatening him again. (*Id.*). When Plaintiff's sister, Talena Morrison, called the station, unidentified officers told her that Plaintiff fell. (*Id.* at 5–6). Plaintiff's sister than spoke with Sergeant Lambos, who allegedly joked that Plaintiff tripped over a horse or fell over toys at home. (*Id.* at 6). The Sergeant suggested Ms. Morrison ask the Records Department to view a video of the incident. (*Id.*). When she sought to view this footage, she was allegedly threatened with arrest by a Detective Andrews. (*Id.*).

On November 9, 2020, Mr. Lynn filed this lawsuit, alleging Zanesville City Jail and Sergeant Lambos violated his civil rights. (ECF Nos. 1-1 and 1-2). Plaintiff claims he sustained his injuries from being "beaten in jail." (ECF No. 1-1 at 6). He alleges that he did not sustain the injuries from a fall or overdose while incarcerated. (*Id.*). Plaintiff alleges that he continues to suffer dizziness and migraines after this incident. Mr. Lynn seeks compensation for his injury. (*Id.* at 7). He also sought to proceed *in forma pauperis*. (ECF No. 1).

## II. STANDARD OF REVIEW

A party's objections to a magistrate judge's recommendation are reviewed *de novo* by the district court. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C.§ 636(b)(1)(C). When a party fails to object timely to a Magistrate Judge's report and recommendation, the party waives the right to *de novo* review by the district court of the report and recommendation. *Bruseau v. Franklin Cty. Corr. Officers*, No. 2:20-cv-2843, 2020 WL 6390068, at *2 (S.D. Ohio June 10, 2020). Mr. Lynn has

not filed an objection. 28 U.S.C. § 1915(e)(2)(B) requires courts to dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To properly state a claim upon which relief may be granted, a plaintiff must satisfy the pleading reequipments of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." While a detailed account of the facts is not required, a plaintiff must present more than the elements of the cause of action that he alleges. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because *pro se* litigants are held to "less stringent standards," their complaints should be "liberally construed." *Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011).

### III.     LAW & ANALYSIS

Mr. Lynn seeks relief from the City of Zanesville for excessive force in violation of his constitutional rights under 42 U.S.C. § 1983 for his treatment while in custody, including the injuries he sustained. In his complaint, Mr. Lynn named the Zanesville Police Department, a non-juridical entity,[1] and Sergeant Lambos as defendants. Suing Sergeant Lambos in his official capacity is equivalent to a claim against the City of Zanesville. 42 U.S.C. § 1983 bars claims against local government entities for injuries inflicted by its employees or agents. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). In order to advance a § 1983 claim against a local government entity, such as the City of Zanesville, a plaintiff must allege the existence of a policy or custom that, in its execution, caused an injury to the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality can be held responsible for constitutional deprivations

---

[1] Under Ohio law, the police department is not a juridical entity subject to suit. *See Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006). Given that Plaintiff is proceeding *pro se*, the Court will construe the merits of Mr. Lynn's complaint as if he has properly named the City of Zanesville as a defendant. *See Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002).

3

that occur pursuant to a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91. To successfully plead a § 1983 claim against a government entity under *Monell*, a plaintiff must also allege at least one of the following elements in the complaint: (1) the existence of an illegal official policy or legislative enactment; (2) that a government official with final decision-making authority knew of and acquiesced or otherwise ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance and/or acquiescence of federal rights violations. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Even giving Mr. Lynn's complaint a liberal construction, Mr. Lynn has not alleged the existence of any illegal official policy. Mr. Lynn has also not alleged that any government official who possesses final decision-making authority knew of illegal actions and acquiesced or otherwise ratified this unlawful conduct. He also has not alleged any inadequate training or supervision by the City of Zanesville. Finally, he has not made allegations that there was a custom of tolerance or acquiescence of federal constitutional violations within the City of Zanesville. At this time, Mr. Lynn cannot maintain claims against the City of Zanesville or Sergeant Lambos in his official capacity. As the Plaintiff is proceeding *pro se*, this Court's dismissal of Plaintiff's claims will be without prejudice to allow Plaintiff to amend his complaint. Mr. Lynn may re-file a complaint with more specific allegations against the City of Zanesville if he wishes to pursue a § 1983 claim under *Monell*.

To recovery monetary damages from Sergeant Lambos in his individual capacity, the Plaintiff must allege facts sufficient to show "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529 (6th Cir. 2008). Because § 1983 liability

cannot be imposed under the theory of *respondeat superior*, a plaintiff must allege personal involvement to satisfy the second element. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). To hold Sergeant Lambos liable under § 1983, Plaintiff must therefore show that Lambos at least implicitly authorized, approved, or knowingly acquiesced in unconstitutional conduct. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). In his complaint, Plaintiff has not provided sufficient facts that could lead this Court to deduce that Sergeant Lambos was personally involved in or authorized the alleged unconstitutional conduct. As a result, Plaintiff's Complaint against Sergeant Lambos in his individual capacity must be dismissed under § 1915(e)(2) at this time. Plaintiff may, however, be able to maintain claims for monetary relief against the individual officers who allegedly assaulted him while in ZPD custody by naming these officers in their individual capacities as Defendants. He may also file an amended complaint if he has specific allegations to make against Sergeant Lambos concerning personal involvement or authorization. Accordingly, this Court's dismissal of Plaintiff's claims will be without prejudice to allow Plaintiff to amend his complaint.

## IV. CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and noting that no objections have been filed, this Court concurs with the analysis. This Court hereby **ADOPTS** Magistrate Judge Vascura's Report and Recommendation based on the foregoing reasons. This case is **DISMISSED without prejudice**. Plaintiff should feel free to amend his complaint to name the individual officers who allegedly assaulted him as John Doe Defendants. Plaintiff may also include additional facts, information, or allegations pertaining to his claim that the City of Zanesville had a policy or custom that, in its execution, caused his injury. Plaintiff must amend his complaint **WITHIN FOURTEEN DAYS** of entry of this order.

5

**IT IS SO ORDERED.**

 _____
 **ALGENON L. MARBLEY
 CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 17, 2021**